UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 14 - 2284

------------------------------------------------------------X

FAEQ JASSER,

                Plaintiff,

BRODIE, J.

COMPLAINT AND
JURY TRIAL DEMAND

- against -

P.O. ABDULMUM WILLIAMS-EL, Shield No. 31889,
P.O. MICHAEL KNOPF, Shield No. 22507, "JOHN
DOE" and THE CITY OF NEW YORK,

BLOOM, M.J.

                Defendants.

------------------------------------------------------------X

      Plaintiff, FAEQ JASSER, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

      1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

      2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

      3.    Jurisdiction is founded upon 28 U.S.C. §§1331,1343 and 1367.

      4.    Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for malicious prosecution.

## VENUE

      5.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, FAEQ JASSER, was and is a natural person resident in the County of Nassau, State of New York.

8. At all times relevant hereto, defendant P.O. ABDULMUM WILLIAMS-EL, Shield No. 31889 (hereinafter "WILLIAMS-EL") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant P.O. MICHAEL KNOPF, Shield No. 22507 (hereinafter "KNOPF") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant "JOHN DOE" (hereinafter "DOE") is a fictional name for a natural person, whose real name is unknown to plaintiff, who was and is employed by the Police Department of defendant CITY OF NEW YORK and who was and is charged with the responsibility of providing blood test results to the Office of the Queens County District Attorney.

11. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

12. The individual defendants are sued in their individual capacities.

13. On or about April 3, 2013, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Office of the Comptroller

of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

14. More than thirty (30) days have elapsed since the aforesaid verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

15. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" hereinabove as if more fully set forth at length herein.

17. On or about July 12, 2012, between approximately 9:30 P.M. and 10:00 P.M., on the Grand Central Parkway, near the Little Neck Parkway exit, in the County of Queens, City and State of New York, plaintiff was lawfully operating a motor vehicle.

18. At the aforementioned time and place, plaintiff was involved in a motor vehicle accident when the vehicle that he was operating was clipped by another motor vehicle, which contact caused plaintiff to lose control of his vehicle, resulting in a collision between his vehicle and the median.

19. Defendant WILLIAMS-EL, who was assigned to the 111th Precinct of the Police Department of defendant CITY OF NEW YORK, responded to the aforementioned accident.

20. After plaintiff informed defendant WILLIAMS-EL that plaintiff had consumed beer and pizza earlier in the day, defendant WILLIAMS-EL, without probable cause therefor, falsely and maliciously arrested plaintiff and charged him with operating a motor vehicle while intoxicated and with two counts of consumption of alcoholic beverages in a motor vehicle.

21. Plaintiff sustained two fractures to his right hand in the aforementioned motor vehicle accident.

22. Plaintiff was taken to a hospital.

23. While at the aforementioned hospital, plaintiff was informed by defendant WILLIAMS-EL that he was being charged with driving while intoxicated.

24. Plaintiff requested that a blood alcohol test be taken.

25. Defendant KNOPF, who was assigned to Highway Unit 3 of the Police Department of defendant CITY OF NEW YORK, arrived at the aforementioned hospital and performed a blood alcohol test on plaintiff.

26. The results of the test taken by defendant KNOPF showed plaintiff's blood alcohol level to be well below that required for an allegation that he was driving while intoxicated. Specifically, the test results showed that plaintiff's blood alcohol level was 0.04.

27. However, defendant WILLIAMS-EL, defendant KNOPF and defendant DOE, at least one of whom, upon information and belief, had the responsibility of providing plaintiff's blood alcohol test results to the Queens County District Attorney, failed and refused to provide the aforementioned blood alcohol test results until January 10, 2013.

28. Once the blood alcohol test results were provided in the Criminal Court of the City of New York, County of Queens, on July 10, 2013, all charges against plaintiff were dismissed and sealed.

29. Because of the intentional and malicious failure of the individual defendants hereto to timely provide the blood alcohol results to the Queens County District Attorney, plaintiff was maliciously prosecuted and, as a result, was deprived of his liberty by being compelled to appear in court on three separate occasions when he would otherwise not have had to; was dismissed from his employment, resulting in a loss of income to him; and suffered severe mental anguish.

30. Defendant WILLIAMS-EL's false arrest of plaintiff and the intentional and malicious failure of the individual defendants to provide the Queens County District Attorney with plaintiff's blood test results, although they were known to the individual defendants on and after July 17, 2012, deprived plaintiff of his right to be arrested only with probable cause, guaranteed to him by the fourth amendment to the Constitution of the United States; his right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States; and his right to have exculpatory evidence provided to him, guaranteed to him by the fifth amendment to the Constitution of the United States.

31. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto, plaintiff seeks damages in an amount sufficient to compensate him for his damages as enumerated hereinabove, and, in addition, seeks punitive damages against the individual defendants, both amounts to be determined at the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS
## AND THE CITY OF NEW YORK
### (Malicious Prosecution)

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" hereinabove as if more fully set forth at length herein.

33. On or about July 12, 2012, defendant WILLIAMS-EL maliciously caused a criminal prosecution to be commenced against plaintiff by his act of falsely and maliciously arresting him and charging him with the crime of driving while intoxicated and two counts of the offense of consuming alcohol while driving a motor vehicle.

34. Defendant WILLIAMS-EL was without probable cause to arrest plaintiff for the crime and offenses he charged him with.

35. On or about July 12, 2012, defendant KNOPF performed a blood alcohol test on plaintiff, which test produced a result showing that plaintiff was not intoxicated.

36. Defendant KNOPF maliciously failed and refused to provide the results of the blood alcohol test, which results ultimately exonerated plaintiff, to the Office of the Queens County District Attorney.

37. Commencing on July 17, 2012, and until January 10, 2013, defendant DOE, an employee of the Police Department of defendant CITY OF NEW YORK, upon information and belief charged with the responsibility of providing the results of plaintiff's blood alcohol test to the Office of the Queens County District Attorney, maliciously failed and refused to provide such results.

38. As a result of the hereinabove enumerated acts of defendants WILLIAMS-EL, KNOPF and DOE, plaintiff was forced to repeatedly appear in court and was

maliciously prosecuted until the blood alcohol test results were made known to the Criminal Court on January 10, 2013.

39. At the time that defendants WILLIAMS-EL, KNOPF and DOE caused the aforementioned prosecution to be commenced and continued against plaintiff, each one of them was acting within the scope of his employment by defendant CITY OF NEW YORK.

40. By reason of the prosecution maliciously commenced and continued against plaintiff by defendants WILLIAMS-EL, KNOPF and DOE, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff was deprived of his liberty, suffered great mental distress and anguish, was forced to defend himself in a criminal proceeding and lost his job.

41. As a result of the prosecution maliciously commenced and continued against plaintiff by defendants WILLIAMS-EL, KNOPF and DOE, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff seeks an amount sufficient to compensate him for his damages as enumerated hereinabove, and, in addition, seeks punitive damages against defendants, both amounts to be determined at the trial of this action.

WHEREFORE, plaintiff, FAEQ JASSER, demands judgment against defendants, P.O. ABDUL MUM WILLIAMS-EL, Shield No. 31889, P.O. MICHAEL KNOPF, Shield No. 22507, "JOHN DOE" and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:   An amount sufficient to compensate him for his damages as enumerated hereinabove, and, in addition, seek punitive damages against defendants, both amounts to be determined at the trial of this action; and

SECOND CAUSE OF ACTION: An amount sufficient to compensate him for his damages as enumerated hereinabove, and, in addition, seek punitive damages against defendants, both amounts to be determined at the trial of this action.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
April 8, 2014

*Alan D. L.*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2278